UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| RESHONDA TAYLOR, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:19-cv-00132-SNLJ |
| DOLGENCORP, LLC. d/b/a DOLLAR GENERAL and AMANDA BIAS, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Dolgencorp, LLC.'s motion to compel arbitration (#12). For the reasons that follow, that motion is **GRANTED**. This case is **STAYED** pending resolution of the parties' arbitration, rather than dismissed, in light of the fact that plaintiff has asserted a claim against a second, non-arbitrating defendant. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983).

## I. BACKGROUND

This is an employment discrimination action by plaintiff against her former employer, Dolgencorp (doing business as Dollar General), alleging disability and race discrimination in violation of the Missouri Human Rights Act ("MHRA"), §§ 213.010 RSMo *et seq*. While working at Dolgencorp's Dollar General store location in Milbourn, Missouri, between February 2017 and January 2019, plaintiff says Dolgencorp "fail[ed]

1

to accommodate her [ankle-related] disability or perceived disability" and was passed over for manager "based on her disability, perceived disability, and race."

Dolgencorp seeks to compel plaintiff to arbitrate her discrimination claims pursuant to "Dollar General's Employee Arbitration Agreement," which plaintiff purportedly consented to as part of Dolgencorp's "Express Hiring Online System." In seeking to work at a Dollar General store, Dolgencorp says all "candidates must go to a designated website and enter their unique login identification number, which is their social security number … and their initial password, which is the month and day of their birth." Upon logging in, that website walks candidates through several "new-hire document[s], including the Arbitration Agreement." Candidates can either "agree to the Arbitration Agreement or opt out of the Arbitration Agreement." Dolgencorp says its records "reflect that [plaintiff] affirmatively consented to the Arbitration Agreement" by "affix[ing] her electronic signature to [it] on February 2, 2017." Dolgencorp has attached a copy of the arbitration agreement to its motion to compel, which includes both a checked box stating plaintiff agrees to the terms of the agreement and the initials "RTT" on a signature line at the bottom of the document. (#13-1).

## II. ANALYSIS

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, establishes a strong presumption in favor of arbitration. "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]" *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25. "[T]his presumption of arbitrability applies even to disputes about the enforceability of

the entire contract containing the arbitration clause." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 298 (2010).

In seeking to avoid the arbitration agreement, plaintiff asserts three challenges. First, she argues defendant "does not have an arbitration agreement with [her] … [because] it [merely] produced a page that has computer-generated initials 'RTT' on it." Because defendant "cannot produce an arbitration agreement that has [her] actual signature," plaintiff says "there is no valid [] arbitration agreement." Second, she points to Section 435.460, RSMo, which requires the inclusion of certain notification language that is lacking in the arbitration agreement at issue here. Third, she argues the arbitration agreement is unconscionable because of an imbalance of bargaining power between the parties.

Defendant, on the other hand, raises a threshold question of whether the arbitrator or this Court should decide plaintiff's challenges. Defendant, arguing it is the arbitrator who must resolve them, points out that the arbitration agreement incorporates "the terms … [of] the Employment Arbitration Rules of the [American Arbitration Association.]" One of those rules, Rule 6(a), states "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, *including any objections with respect to the existence, scope, or validity of the arbitration agreement.*" (emphasis added). EMPLOYMENT ARBITRATION RULES AND MEDIATION PROCEDURES 6(a) (Am. Arb. Ass'n. 2009). Where such a "delegation clause" has been not directly challenged by the non-movant, this Court—noting the inclusion of AAA Rule 6(a)—has declined to rule on such "threshold issues regarding contract formation." *Arment v. Dolgencorp, LLC.*, 2018

3

WL 5921369 at *2 (E.D. Mo. Nov. 13, 2018) (enforcing delegation clause despite argument that Dolgencorp did not, itself, sign arbitration agreement because delegation clause was not specifically challenged); *Doty v. Dolgencorp, Inc.*, 2016 WL 1732768 at *3-4 (E.D. Mo. May 2, 2016) (accord). Similarly, the Eighth Circuit has explained "[b]y incorporating the AAA Rules, the parties agreed to allow the arbitrator to determine threshold questions of arbitrability." *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769 (8th Cir. 2011).

Defendant also points to the U.S. Supreme Court's decision in *Rent-a-Center, West, Inc. v. Jackson*, 130 S.Ct. 2772 (2010). In that case, the Supreme Court distinguished between an antecedent agreement to arbitrate "any dispute relating to [] enforceability [] of [the arbitration agreement]"—what was coined a "delegation provision"—and "the remainder of the contract, [which] is the rest of the agreement to arbitrate claims arising out of [plaintiff's] employment with [defendant]." *Id.* at 2779. The court explained "a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate." *Id.* at 2778. This, it was said, is because "an arbitration provision is severable from the remainder of the contract." *Id.* Thus, for example, "in an employment contract many elements of alleged unconscionability applicable to the entire contract (outrageously low wages, for example) would not affect the agreement to arbitrate alone." *Id.* Even where a formation-related challenge, such as fraudulent inducement, attacks "the whole contract equally," including the delegation clause, the court explained "we nonetheless require the basis of [the] challenge *to be directed specifically to the*

4

*agreement to arbitrate* before the court will intervene." *Id.* (emphasis added). Noting "nowhere in his opposition to [the] motion to compel arbitration did [plaintiff] mention the delegation provision," the Supreme Court held the district court did not err in concluding plaintiff's challenge to the "validity of the contract as a whole" was an issue to be decided by the arbitrator. *Id.* at 2779.

Here, plaintiff challenges the delegation provision in a single sentence: "[t]here is a lack of consideration for both the entire arbitration agreement and any delegation clause contained in the alleged arbitration agreement." The lack of consideration apparently ties to the fact that her physical signature is missing and that Dolgencorp did not, itself, sign the arbitration agreement. Thus, plaintiff says, the arbitration agreement is not mutually enforceable such that it "could not be used by [plaintiff] against [Dolgencorp] for lack of a signature evidencing an offer and acceptance." There being no argument from Dolgencorp about the sufficiency of that challenge, this Court will presume its sufficiency and will narrowly consider whether a lack of physical signature or, else, mutual signatures prevents the enforceability of the parties' delegation clause. *See Shockley v. PrimeLending*, 929 F.3d 1012, 1018 (8th Cir. 2019) ("[Non-movant] challenged the contractual formation of the delegation provision by name; the law requires no more."). Plaintiff's contract-formation-related challenge is evaluated under state law. *See Wallace v. Communications Unlimited, Inc.*, 2019 WL 1001701 at *6 (E.D. Mo. Mar. 1, 2019) (concluding the Supreme Court "apparently defer[s] to the state courts' handling of [whether a contract exists]"); *see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 681 (2010) ("the interpretation of an arbitration

5

agreement is generally a matter of state law[.]"); *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630 (2009) (noting that nothing in the FAA "purports to alter background principles of state contract law regarding the scope of [arbitration] agreements[.]").

The first part of plaintiff's argument, that the arbitration agreement lacks her physical signature and is thus invalid, is unsupported by Missouri law. Rather, electronic acceptance through, for example, a "click-to-accept" box found in an "online training system" is enough to form a contract. *West v. Cracker Barrel Old Country Store, Inc.*, 371 F.Supp.3d 593, 599 (W.D. Mo. 2018); *Mead v. Moloney Securities Co., Inc.*, 274 S.W.3d 537, 543 (Mo. App. E.D. 2008) ("The [non-movants] do not offer nor do we find support for their claims that an electronic signature is invalid for purposes of forming a binding and enforceable arbitration agreement."). To be sure, Missouri has adopted the Uniform Electronic Transactions Act ("UETA"), §§ 432.200 *et seq.*, which states "[a] record or signature shall not be denied legal effect or enforceability solely because it is in electronic form." § 432.230.1 RSMo. An electronic signature is defined as "an electronic sound, symbol, or process attached to or logically associated with a record and executed or adopted by a person with the intent to sign the record." § 432.205(8) RSMo. An electronic signature is attributed to a person "if it was the act of the person," which can be shown in "any manner, including a showing of the efficacy of any security procedure applied to determine the person to which the electronic record or electronic signature was attributable." § 432.240.1 RSMo. Here, plaintiff was required to first log in using her unique credentials (social security number and birth date) before clicking an acceptance box and generating her initials at the bottom of the arbitration agreement. Taken together,

this Court finds plaintiff's initials and the checked acceptance box are sufficient under the UETA to bind her to the arbitration agreement. *See Strain v. Murphy Oil USA, Inc.*, 2016 WL 540810 at *3 (W.D. Mo. Feb. 9, 2016) (employee bound to electronic arbitration agreement as evidenced by employee's entering of social security number, name, and checking an acceptance box).

That leaves the second part of plaintiff's argument that Dolgencorp did not, itself, sign the arbitration agreement. This argument was recently foreclosed by the Missouri Supreme Court. In *State ex rel. Newberry v. Jackson*, the Court was confronted with the same "Dollar General Employee Arbitration Agreement" and noted—as here—that "[n]o Dollar General representatives signed the agreement." 575 S.W.3d 471, 472-473 (Mo. banc 2019). Notwithstanding that fact, the court enforced the arbitration agreement's delegation clause against the employee. *Id.* at 476. Notwithstanding the lack of its signature, this Court finds Dolgencorp's conduct is sufficient to show its intention to be bound. *See Marrow v. Hallmark Cards, Inc.,* 273 S.W.3d 15, 23-24 (Mo. App. W.D. 2008); *Heritage Roofing, LLC. v. Fischer*, 164 S.W.3d 128, 134 (Mo. App. E.D. 2005). The parties' arbitration agreement will, therefore, be enforced.

Finally, because this Court has resolved the only direct challenge made to the parties' delegation clause, plaintiff's remaining challenges—invoking Section 435.460's statutory notification requirements and the unconscionability doctrine—are left to be addressed by the arbitrator. *See Driver v. BPV Market Place Investors, LLC.*, 2018 WL 3363795 at *8 (E.D. Mo. Jul. 10, 2018) (noting plaintiff's unconscionability argument went to "the validity and enforceability of the agreement as a whole" and was an issue to

be determined by the arbitrator in light of the parties' binding delegation clause);

*Hubbard v. Career Educ. Corp.*, 2011 WL 5976070 at *2 (E.D. Mo. Nov. 30, 2011).

### III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that defendant Dolgencorp, LLC.'s motion to compel arbitration (#12) is **GRANTED**. This case is **STAYED** pending resolution of the parties' arbitration.

So ordered this 19th day of November 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE